IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

**FILED & ENTERED**

ALEJANDRO MALDONADO RUIZ,　　　　　:　　Case No. 04-13004 (GAC)
NIDZA H. SOBERAL DELGADO,

MAY 16 2005

　　　Debtors　　　　　　　　　:　　Chapter 13

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## DECISION AND ORDER

The debtors filed a petition under Chapter 13 of the Bankruptcy Code on December 22, 2004. The debtors scheduled R&G Premier Bank ("R&G") with a secured claim of $25,000.00. At the time of the filing, the debtors were current in mortgage payments to R&G. The debtors filed a plan with their petition proposing to maintain regular payments to R&G.

On January 5, 2005, the Law Offices of Ismael H. Herrero III, P.S.C. ("Herrero") filed a notice of appearance and request for service of notices, orders, pleadings and documents on behalf of R&G. On the same date, Herrero filed a proof of claim on behalf of R&G, claiming the amount of $24,587.78, plus $450.00 in attorney's fees, for a total secured claim of $25,137.78. The proof of claim does not describe the property that serves as collateral and Herrero did not attach any supporting documents to the proof of claim.

On February 2, 2005, the debtors filed an objection to R&G's proof of claim, arguing that the claim for attorney's fees is inappropriate since the debtors have never had arrears with R&G.

1

Herrero filed a reply on March 4, 2005, contending that the fees are reasonable. Herrero argues that the fees are for analysis of the case, the schedules, the list of creditors and the proposed Chapter 13 plan. He also indicates that the work involves a careful study of the title situation and of the liens that encumber the property.

R&G argues that it is entitled to attorney's fees pursuant to 11 U.S.C. § 506(b). This section provides that:

> [t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

As Herrero states, as an oversecured creditor, R&G "is entitled to reasonable attorney's fees to the extent allowed by the terms of the contract and by the provisions of § 506(b) of the Bankruptcy Code." Since Herrero did not attach a copy of the mortgage contract to the proof of claim, the Court is unable to determine whether the agreement provides for attorney's fees in the situation where the debtor has not defaulted on the promissory note.

Moreover, under 11 U.S.C. § 506(b), there is a limitation on a creditor's ability to collect attorney's fees. The Court must determine that the fees are reasonable. As summarized by one noted commentator, "courts have been far more uniform in holding

2

that they have inherent power to determine the reasonableness of the amount of attorney's fees to be allowed under section 506(b) and that reasonableness is to be determined in accordance with federal standards." 4 Collier on Bankruptcy ¶ 506.04[3][a][iii] (footnote omitted). In determining reasonableness,

> [t]he bankruptcy courts will generally require the party seeking allowance of attorneys' fees to carry the burden of demonstrating reasonableness by providing a detailed description of the services rendered, supporting documentation, or other evidence prior to making a determination on an application for payment. The bankruptcy court may also inquire into whether the services rendered are within the scope of the services covered by the fees provision of the applicable agreement, and whether the rendition of the services in question was reasonably required under the circumstances.

Id. (footnotes omitted).

Courts should be wary of the potential for abuse of an oversecured creditor's right to attorney's fees and costs. With the goal of avoiding the waste of an estate's assets, courts have frequently disallowed or reduced fees sought by a secured creditor on finding that the legal work was unnecessary. See In re Josephs, 108 B.R. 654 (Bankr. N.D. Ill. 1989). The Court in In re Hart, 80 B.R. 107 (Bankr. E.D. Tenn. 1987), indicated that while a debtor's filing of a Chapter 13 case may cause a creditor some concern about whether the debtor will make regular payments, this is the kind of practical, factual concern that does not necessarily require the services of an attorney.

In the present case, the debtors were not in arrears at the

3

time of the filing the petition and they proposed from the time of filing to maintain direct payments to R&G. Herrero did file a notice of appearance and an incomplete proof of claim. He did not attend the § 341 meeting of creditors. From this, the Court can not conclude that R&G required the services of an attorney merely because the debtors filed for bankruptcy relief.

Herrero contends that the bankruptcy fees claimed are inferior to the bankruptcy fees being paid by mortgage industry federal entities such as Fannie Mae, Freddie Mac, FHA and HUD. Irrespective, the issue is not what the banks are paying to engage bankruptcy counsel, the issue is whether the fees are chargeable to a Chapter 13 bankruptcy estate when the debtors have not defaulted on their mortgage. The Court concludes that Herrero has failed to show his entitlement to the fees by not including a copy of the agreement which provides for the fees and by failing to demonstrate the reasonableness of the fee request.

ORDER

Wherefore, IT IS ORDERED that the debtors' objection to Claim #1, filed by R&G Premier Bank, shall be, and it hereby is, GRANTED.  R&G's claim is allowed as a secured claim in the amount of $24,687.78.  The request for attorney's fees is DENIED.

SO ORDERED.

San Juan, Puerto Rico this 9 day of May, 2005.

_____
Gerardo A. Carlo
Chief U.S. Bankruptcy Judge

cc: Debtors, F Zeno Gloro
Jcarrion, I Herrero III
Claims registry

5